IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOUGLAS J. COPPESS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHWAYS, INC; BEN R. LEEDLE, JR., THOMAS G. CIGARRAN, JOHN A. WICKENS HENRY D. HERR, WARREN NEEL, WILLIAM C. O'NEIL, JR., JAY C. BISGARD, JOHN W. BALLATINE, MARY JANE ENGLAND, ALISON TAUNTON-RIGBY, L. BEN LYTLE, MARY A. CHAPUT, ALFRED LUMSDAINE, BETTY ANN LAY, AMY MOORE, KEITH BRALY, GLENN HARGREAVES, HANS BERTIL WESTIN, CLAIBRONE RICHARDS, JERRY ARMSTRONG, and JOHN DOE 1-10,<br><br>Defendants. | Case No. 3:10-cv-00109<br>Judge Todd J. Campbell<br>Magistrate Judge John Bryant |

## ORDER AND FINAL JUDGMENT

This action came on for a final fairness hearing, held on April 25, 2011, on a proposed settlement (the "Settlement") of this class action (the "Action") preliminarily certified for settlement purposes, and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement dated July 30, 2010 (Docket Entry #32)(the "Agreement").

The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

The Court hereby approves and confirms the Settlement embodied in the Agreement as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Agreement as its Judgment, and orders that the Agreement shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that Plaintiff is asserting, among others, claims on behalf of the Healthways Inc. Retirement Savings Plan (the "Plan") to recover losses alleged to have occurred as a result of a breach of fiduciary duty pursuant to ERISA § 502(a)(2). See Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134 (1985).

The Court determines that the Settlement, which includes the payment of $1,250,000.00 on behalf of Defendants, has been negotiated vigorously and at arm's length by Class Counsel, and further finds that, at all times, Plaintiff has acted independently and that his interests are identical to the interests of the Plan and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court finds that the Plan's participation in the Settlement is on terms no less favorable than Plaintiff's and the Settlement Class's and that the Plan does not have any additional claims above and beyond those asserted by Plaintiff that are released as a result of the Settlement.

The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan, Plan participants, and Plan beneficiaries.

Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiff on behalf of the Plan and the Settlement Class does not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

The Court determines that the Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all Members of the Settlement Class who could be identified through reasonable efforts. Such Notice provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Agreement to all persons entitled to such Notice, and such Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the class being defined as:

> All persons (other than Defendants and Kenneth Banks) who were participants in or beneficiaries of the Healthways Inc. Retirement Savings Plan at any time between May 16, 2005 and July 30, 2010, and whose accounts included investments in Healthways stock.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms its prior appointment of Thomas J. McKenna of Gainey & McKenna as Class Counsel.

Based on the Settlement, the Court hereby dismisses the Complaint and the Action against Defendants with prejudice on the merits.

As of the date of Complete Settlement Approval and payment of the Settlement Amount

(as defined in the Agreement), the Plaintiff, the Plan, and each Member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors and assigns, shall be deemed to have released each and all of the Releasees from the Released Claims.

As of the date of Complete Settlement Approval and payment of the Settlement Amount (as defined in the Agreement), Defendants (their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors and assigns) shall be deemed to have released the Plaintiff Released Parties from any claims that may have arisen out of this Action.

As of the date of Complete Settlement Approval and payment of the Settlement Amount (as defined in the Agreement), all release provisions shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action. Further, Plaintiff assumes for himself, and on behalf of the Settlement Class, and Defendants assume the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any such Person's entering into this Agreement.

The Court further determines that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

All members of the Settlement Class and the Plan are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees.

The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable. Accordingly Class Counsel is awarded expenses in the amount of $88,100.50, to be paid from the Settlement Fund.

The attorney fees sought by Class Counsel in the amount of 33⅓ percent (33⅓%) of the common fund established in this Action are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, Class Counsel is awarded attorney's fees in the amount of 33⅓ percent (33⅓%) of the common fund established in this Action net of the expenses awarded herein, specifically $416,250.

Plaintiff Douglas J. Coppess is awarded $10,000 as a Case Contribution Award, as defined in the Settlement Agreement, in recognition of his contributions to this Action.

The Plan of Allocation for the Settlement Fund submitted by the Parties is approved as fair, reasonable and adequate.

The Court finds that the payment and distribution of the Settlement Amount, as allocated in the Agreement, is a "restorative payment" as defined in IRS Revenue Ruling 2002-45.

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

SO ORDERED this 25 day of April, 2011.

_Todd Campbell_
TODD J. CAMPBELL
United States District Court Judge